Judge Mills
delivered the opinion of the court.
This was an action of trespass quare clausum fregit, brought by Parmer, the appellee, against Respass, the appellant. Not guilty, was pleaded, and a verdict and judgment for the plaintiff for one hundred dollars in damages. The defendant moved the court for a new trial, relying on the grounds—that the verdict was against evidence—the damages excessive, and that the defendant was surprised by the rejection of a deed offered by him in evidence, which he supposed to be duly authenticated and recorded; but which the court, during the trial, had declared to be otherwise. The court overruled the motion, and to that opinion the defendant excepted, which is the only point now contested by the assignment of error.
The evidence, which is spread upon the record, unquestionably shews a repeated trespass without an apology, and the damages are sufficiently moderate to correspond the proof. In such case the jury are the exclusive judges of the quantum, and their verdict ought not to be disturbed, unless their verdict was so disproportionate to the injury and aggravations proved, as that all could see at first blush that they were influenced by improper feelings and *366 motives. The deed excluded is not made part of the bill of exceptions, nor its applicability to the points in issue shewn in the cause. No affidavit is exhibited proving surprise. If it was rejected because not properly authenticated, he, who held the possession, was bound to know its defects.
Haggin for appellant, Talbot for appellee.
Under such circumstances, the appellant has no claim to redress in this court, and the judgment must be affirmed with damages and costs.